**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYFIELD J. THIBEAUX,

     Plaintiff - Appellant,

v.

BUREL CAIN, Warden, Dixon
Correctional Institute;
TOM DESPORT, Psychologist, Eastern
Louisiana Mental Health Systems
and Unknown Psychiatrist, Eastern
Louisiana Mental Health Systems,

     Defendants - Appellees.

No. 12-1016
(D.C. No. 1:11-CV-03348-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

---

    [*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rayfield Thibeaux, proceeding pro se,[1] appeals the district court's dismissal of his

42 U.S.C. § 1983 complaint against several employees of the State of Louisiana. The

district court concluded that all of Mr. Thibeaux's claims were factually frivolous.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

On January 6, 2012, Mr. Thibeaux filed a pro se complaint and a motion for leave

to proceed *in forma pauperis* ("*IFP*") in the United States District Court for the District

of Colorado. In his complaint, Mr. Thibeaux claimed that the Warden of the Dixon

Correctional Institute and two mental health providers employed by the State of

Louisiana violated his constitutional rights while he was incarcerated in 1982. As the

factual basis for his claims, Mr. Thibeaux stated:

> While incarcerated at Dixon Correctional Institute in
> Jackson, Louisiana, a conspiracy took place in 1982 to
> secretly in[s]ert a surreptitious, interception communications,
> fiber optic cable wire into the left cheek of my re[c]tum by
> the Defendants. The purpose was to determin[e] what I had
> been doing and/or what criminal activity I was into, prior to
> going into that prison. That monitoring is still happening,
> while living outside the prison.

ROA at 77.

Title 28 U.S.C. § 1915(e)(2)(B) provides that a court shall dismiss an *IFP*

proceeding "if the court determines that . . . the action or appeal—(i) is frivolous or

---

[1] Because Mr. Thibeaux is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

malicious; or (ii) fails to state a claim on which relief may be granted." A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

After reviewing the allegations raised in Mr. Thibeaux's complaint, the district court concluded that Mr. Thibeaux's claims were factually frivolous.[2] The district court then dismissed Mr. Thibeaux's complaint and denied his motion to proceed *IFP* on appeal.

On appeal, Mr. Thibeaux argues that the district court erred in dismissing his complaint, and he renews his application to proceed *IFP*. We review a district court's dismissal of an *IFP* complaint for factual frivolousness under § 1915(e)(2)(b)(i) for an abuse of discretion. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

In his brief to this court, Mr. Thibeaux repeats the same facts that he asserted in his complaint and offers no argument concerning the district court's treatment of his claims. After carefully reviewing Mr. Thibeaux's complaint and the relevant legal authority, we hold that the district court did not abuse its discretion in concluding that the

---

[2] The district court noted that even if Mr. Thibeaux's claims were not dismissed as factually frivolous, they would likely be barred by the applicable statute of limitations. The court further noted that Mr. Thibeaux's claims would likely be subject to dismissal for lack of personal jurisdiction over the named defendants and for improper venue.

factual allegations in Mr. Thibeaux's complaint rise to the level of "the irrational or the wholly incredible." We therefore affirm the district court's dismissal of Mr. Thibeaux's complaint as frivolous and deny his renewed application to proceed *IFP*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge